IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAMELA D. BRAY, )  TRIAL BY JURY DEMANDED
(Police Star No. 14176; )
Employee No. 310628) )
    Plaintiff )
    v. ) Civil No. 01C 7770
CITY OF CHICAGO, a municipal )
corporation, ) JUDGE HOLDERMAN
    Defendant )
) MAGISTRATE JUDGE
) GERALDINE SOAT BROWN

DOCKETED
OCT 1 0 2001

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a claim for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1) and 2000e-3(a). Jurisdiction is posited upon 28 U.S.C. § 1343(4).

2. Defendant is an employer within the meaning of the Act. The conduct complained of occurred within this judicial district in the City of Chicago.

### ADMINISTRATIVE PROCEDURES

3. Before bringing this claim, plaintiff filed a charge of discrimination against defendant with the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission ["EEOC"].

4. The EEOC, on or about March 21, 2001, found reasonable cause to believe that a violation of the act had been committed by the employer. Ex. A.

-1-

5. The EEOC's efforts to resolve the charge by informal methods of conference, conciliation and persuasion were unsuccessful. Therefore, on September 21, 2001, a right-to-sue letter from the Equal Employment Opportunity Commission was issued on grounds that the Commission was unable to file a private civil action on behalf of plaintiff. Ex. B. This suit has been timely filed within 90 days of receipt of said right-to-sue letter.

**STATEMENT OF CLAIM**

6. Plaintiff was employed by defendant during the year 2000 on defendant's Police Department as a "probationary" police officer. During the time employed, she was inappropriately sexually harassed in her place of employment, in violation of 42 U.S.C. 2000e-2(a)(1), by her direct super-visor.

7. After plaintiff's complaining of the gender-based hostile work environment alleged, defendant failed, neglected and refused to take prompt, effective and appropriate corrective action to eradicate the unlawful conduct; more particularly, defendant materially altered the terms, conditions and privileges of plaintiff's employment, and then retaliated against her, in violation of 42 U.S.C. 2000e-3(a), by discharging her from employment on or about October 24, 2000.

8. As a direct and proximate result of the tangible job action and unlawful discrimination alleged, plaintiff has been humiliated, embarrassed, inconvenienced and economically

harmed.

**PRAYER FOR RELIEF**

9. Wherefore, plaintiff, PAMELA D. BRAY, asks the court to enter judgment in her favor, upon the verdict of a jury, and against the defendant, CITY OF CHICAGO, a municipal corporation, for any and all relief to which the court may determine she is entitled, pursuant to the Act.

_____
ERNEST T. ROSSIELLO

ERNEST T. ROSSIELLO
 & ASSOCIATES, P.C.
300 West Washington Street,
 Suite 1004
Chicago, Illinois 60606
Telephone: (312) 346-8920
Telefax: (312) 346-5988

Attorney for Plaintiff



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

EEOC Charge Number: 210A10409

Pamela D. Bray
9300 South Bishop
Chicago, Illinois 60620
    v.

Charging Party

City of Chicago, Chicago Police Department
1300 West Jackson
Chicago, Illinois 60607

Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII). The Respondent is an employer within the meaning of Title VII and all other requirements for coverage have been met.

Charging Party alleges that she was discriminated against on the basis of her sex, female, in that she was subjected to sexual harassment by her Field Training Officers and discharged.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent violated Title VII by subjecting Charging Party to sexual harassment by her Field Training Officers. Furthermore, I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent violated Title VII in that it retaliated against Charging Party by discharging her.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

**EXHIBIT**

A-1

EEOC Charge Number 210A10409
Page 2 of 2

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent to not engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission,

3-21-01
Date

John P. Rowe
District Director

**EXHIBIT**

A-2



U.S. Department of Justice

Civil Rights Division

*Employment Litigation Section*
*P.O. Box 65968*
*Washington, DC 20035-5968*
*www.usdoj.gov/crt/emp/emphome.html*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

RFB:WBF:mdw
DJ 170-23-301

SEP 21 2001

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Pamela D. Bray
9300 South Bishop
Chicago, Illinois 60602

    Re: Pamela D. Bray v. City of Chicago, Chicago Police Department, EEOC No. 210-A1-0409

Dear Ms. Bray:

    The Civil Rights Division has completely reviewed the file referred to us by the Equal Employment Opportunity Commission (EEOC) in its investigation of your charge of discrimination, and it has been determined that we will not file suit in this particular matter against the respondent. This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

    You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

    Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

    We are returning the files in this matter to EEOC's Chicago District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: John P. Rowe, District Director, EEOC, 500 West Madison St., Suite 2800, Chicago, ILL 60661.

                       Sincerely,

                         Ralph F. Boyd, Jr.
                         Assistant Attorney General
                         Civil Rights Division

                By: *[signature]*

                         William B. Fenton
                         Deputy Chief
                  Employment Litigation Section

EXHIBIT B

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PAMELA BRAY

## DEFENDANTS
CITY OF CHICAGO, a municipal corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: COOK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

DOCKETED OCT 10 2001

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Ernest T. Rossiello
ERNEST T. ROSSIELLO & ASSOCIATES, P.C.
300 W. Washington Street, Suite 1004
Chicago, Illinois 60606  312/346-8920

ATTORNEYS (IF KNOWN)
01C 7770
JUDGE HOLDERMAN
MAGISTRATE JUDGE GERALDINE SOAT BROWN

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

CIVIL RIGHTS: ☒ 442 Employment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Suit for Sexual Harassment, 42 U.S.C. 2000e-2(a)(1) and retaliation 42 U.S.C. 2000e-3(a).

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☒ YES ☐ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE: Oct. 4, 2001

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

In the Matter of

PAMELA BRAY

v.

CITY OF CHICAGO, a municipal corp.

Case Number: **01C 7770**

JUDGE HOLDERMAN

MAGISTRATE JUDGE GERALDINE SOAT BROWN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR PAMELA BRAY

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Ernest T. Rossiello | NAME: Lara A. Walicek |
| FIRM: ERNEST T. ROSSIELLO & ASSOCIATES, P.C. | FIRM: ERNEST T. ROSSIELLO & ASSOCIATES, P.C. |
| STREET ADDRESS: 300 W. Washington Street, Suite 1004 | STREET ADDRESS: 300 W. Washington Street, Suite 1004 |
| CITY/STATE/ZIP: Chicago, Illinois 60606 | CITY/STATE/ZIP: Chicago, Illinois 60606 |
| TELEPHONE NUMBER: (312) 346-8920 | TELEPHONE NUMBER: (312) 346-8920 |
| IDENTIFICATION NUMBER: 2397137 | IDENTIFICATION NUMBER: 62110353 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [X] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

DOCKETED OCT 1 0 2001

FILED OCT -9 PM 2:59 CLERK U.S. DISTRICT COURT