IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN 1 6 2003

JUDGE JAMES F. HOLDERMAN
UNITED STATES DISTRICT COURT

PAMELA BRAY, )
)
Plaintiff, )
)
v. ) No. 01 C 7770
)
) Judge Holderman
CITY OF CHICAGO, a municipal )
corporation )
)
Defendant. )

DOCKETED
JAN 1 7 2003

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Pamela D. Bray ("plaintiff"), by her attorney, Ernest T. Rossiello & Associates, P.C., and the City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, stipulate and agree as follows:

1. On or about October 30, 2000, plaintiff, a former-probationary police officer for City of Chicago's Police Department, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") which was cross-filed with the Illinois Department of Human Rights ("IDHR"), alleging that she was discriminated against because of her sex in violation of the Title VII of the Civil Rights Act of 1964. The charge received EEOC No. 210A10409. The EEOC issued a Right to Sue letter with respect to the charge.

2. On or about October 9, 2001, plaintiff filed the above-captioned complaint in the United States District Court for the Northern District of Illinois against the City alleging that she was discriminated against on the basis of her sex and then retaliated against in violation of Title VII of the Civil Rights Act of 1964.

1

78

3. This Settlement Agreement constitutes the good faith settlement of all disputed claims, and the City specifically disclaims any liability to or unlawful conduct against plaintiff on the part of itself or its representatives, attorneys, officers, agents, and employees. The City has entered into this Settlement Agreement with plaintiff for the sole purpose of avoiding the burden, expenses, delay and uncertainties of litigation. The City and plaintiff desire to settle all of plaintiff's claims arising either directly or indirectly out of plaintiff's employment with the City and any claims of any kind whatsoever regarding that employment through the effective date of this Settlement Agreement.

4. The settlement of these claims is not and shall not be construed as an admission of liability or wrongdoing on the part of the City, or of any of its officers, agents, representatives, attorneys or employees. Plaintiff and the City agree that the settlement of these claims shall have no precedential value of any type whatsoever, shall apply only to the matters referred to herein, and neither this settlement, nor any of the terms thereof, shall be offered or received as evidence in any court or administrative action or proceeding as an indication of wrongdoing by the City or as proof of the City's legal position. Nothing herein shall prohibit the use of this Settlement Agreement as necessary to obtain enforcement of its terms.

5. In exchange for and in consideration of the settlement provided for herein, plaintiff hereby releases, waives and forever discharges the City, and its officers, agents, attorneys, representatives and employees, from any and all claims, grievances and causes of action, in law, equity or in any other forum whatsoever, which plaintiff now has or ever had against the City, its officers, agents, attorneys, representatives or employees, whether known or unknown, suspected or unsuspected at the present time, or which plaintiff's heirs, executors or administrators hereafter can, shall or may have, directly or indirectly arising out of or relating to plaintiff's employment with the

City through the effective date of this Settlement Agreement.

6. Plaintiff acknowledges that, with the assistance of counsel, she has read and understands the provisions contained in this Settlement Agreement and is satisfied with its terms and substance. Further, plaintiff understands and agrees that this Settlement Agreement is a final and total settlement of all claims, arising either directly or indirectly out of her employment with the City and all actions relating to her employment, including, but not limited to, claims for attorneys' fees, expenses and costs which plaintiff and/or her attorney may have incurred in connection with plaintiff's charges before the EEOC and IDHR, any charges or complaints before other administrative agencies, any litigation in state or federal court, and any internal investigations conducted by the City. Plaintiff acknowledges that such finality is applicable to the City, and all of its officers, agents, representatives and employees, in their individual and official capacities. Plaintiff further states that she voluntarily enters into this Settlement Agreement and that none of the City's agents, attorneys, employees or representatives made any representations concerning the terms or effects of this Settlement Agreement, other than those terms contained herein.

7. In exchange for and in consideration of the promises of plaintiff contained in this Settlement Agreement, the City agrees to pay plaintiff a lump sum of Nintey-Two Thousand Dollars ($92,000.00). The lump sum settlement amount of $92,000.00 shall be paid by the City by check or draft made payable to Pamela D. Bray and Ernest T. Rossiello & Associates, P.C.

8. Plaintiff agrees to assume complete responsibility for, and to pay in full when due, all taxes (including claims, demands, liens, assessments, deficiencies, interest penalties, judgments, costs, expenses, withholding amounts and deposits with respect thereto, and other governmental charges connected therewith), which are or may become due and payable in connection with the payment of the consideration provided herein in paragraph 7, whether imposed upon her or the City.

3

Plaintiff agrees to indemnify and hold the City harmless from and against any liability for such taxes.

9. In further consideration of this settlement, plaintiff agrees to obtain orders dismissing with prejudice all actions, lawsuits, grievances, or complaints in any forum, court or agency related to her employment with the City, including but not limited to EEOC Charge No. 210A10409, plaintiff's IDHR charge or any complaints pending before the Illinois Human Rights Commission and federal complaint No. 01 C 7770. Plaintiff also agrees to waive all rights to appeal. In lieu of an order dismissing plaintiff's EEOC charge, defendant will accept a letter signed by plaintiff and her attorney addressed to the EEOC advising that agency that plaintiff's claims have been settled and requesting that the EEOC take no further action on behalf of plaintiff.

10. Plaintiff, individually and on behalf of all attorneys she may have retained in connection with this action or the events at issue in this action, represents that no attorney other than Ernest T. Rossiello & Associates, P.C. has any claims for fees, costs or expenses with regard to the events giving rise to any of the matters referenced herein. To the extent any such claims exist, plaintiff agrees to incur any and all attorneys' fees and costs, and to indemnify and hold the City harmless for any such claims made against the City.

11. The parties to this agreement each shall bear their own attorneys' fees, costs and expenses.

12.     Plaintiff agrees and understands that the City will not be obligated to comply with its obligations under this Settlement Agreement until plaintiff or her attorney submit to the attorneys for the City in this action until plaintiff meets all of the conditions set forth in paragraph 9 of this Settlement Agreement.  Specifically, plaintiff agrees and understands that the City will not be obligated to comply with its obligations under this Settlement Agreement until plaintiff tenders to defendant's counsel of record copies of orders dismissing all complaints pending before any judicial or administrative body, including, but not limited to, case number 01 C 7770 and any charge pending before the IDHR or any complaint pending before the Illinois Human Rights Commission. Plaintiff must also submit a copy of a letter signed by her and her attorney to the Equal Employment Opportunity Commission stating that plaintiff has settled all matters in dispute with the City, including the matters that were the subject of EEOC Charge No. 210A10409 and this action and that she withdraws any charges currently pending and asks that the EEOC take no further action on her behalf.

13.     Plaintiff has had an opportunity to review this Settlement Agreement and General Release with her attorney of record.  Plaintiff agrees to the terms and conditions set forth in this Settlement Agreement and General Release.

14.     This Settlement Agreement contains the entire agreement of the parties.

15. The effective date of this Settlement Agreement shall be the date of the latest signature below.

                          MARA S. GEORGES
                          Corporation Counsel of the City of Chicago

By: _____
     STAN B. STEC
     Assistant Corporation Counsel
     GREGORY LACEY
     Special Attorney
     30 N. LaSalle Street, Suite 1020
     Chicago, Illinois 60602
     312/744-5002
     312/742-3849

     Dated: _____

By: *[signature]*
     Ernest T. Rossiello
     Lara A. Wallcek
     Attorney for Plaintiff
     Ernest T. Rossiello & Associates, P.C.
     134 N. LaSalle, Suite 2008
     Chicago, Illinois 60606
     312/346-8920

     Dated: *Jan. 11, 2003*

By: _____
     PAMELA D. BRAY

     Dated: _____

15. The effective date of this Settlement Agreement shall be the date of the latest signature below.

MARA S. GEORGES
Corporation Counsel of the City of Chicago

By: _____
STAN B. STEC
Assistant Corporation Counsel
GREGORY LACEY
Special Attorney
30 N. LaSalle Street, Suite 1020
Chicago, Illinois 60602
312/744-5002
312/742-3849

Dated: 1.16.3

By: _____
Ernest T. Rossiello
Lara A. Wallcek
Attorney for Plaintiff
Ernest T. Rossiello & Associates, P.C.
134 N. LaSalle, Suite 2008
Chicago, Illinois 60606
312/346-8920

Dated: Jan. 11, 2003

By: _____
PAMELA D. BRAY

Dated: 1/12/03

6